Louis F. Chicoria *vs.* Kenyon Piece Dyeworks, Inc.

JULY 16, 1948.

Present: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

Baker, J. This is an original petition filed under the provisions of the workmen's compensation act, general laws

1938, chapter 300. After a hearing it was denied and dismissed by a justice of the superior court, and from the entry of a decree in accordance with that decision the petitioner duly prosecuted his appeal to this court.

It appears from the evidence that the petitioner, who was an employee of the respondent company, began work as a "jigger" in its dyehouse in 1941. In June or July 1942 in the course of his employment he and another workman were lifting a roll or batch of cloth, which was estimated to weigh between 600 and 700 pounds, in order to place it in a machine. When they had raised the roll about shoulder high or higher the petitioner felt a sting in his left groin. He reported the matter to his foreman and that day or the following day he went to the plant physician for examination and was told that he had a left inguinal hernia for which ultimate surgical treatment was advised. He was told, however, that the hernia was not at that time disabling and the use of a truss was suggested by the physician. One was therefore purchased for the petitioner who wore it thereafter for a considerable time.

He continued in the respondent's employment as a jigger until May 9, 1947, doing the same work he had done before he was injured. On the above date he notified the respondent that he could work no longer as the hernia was getting worse and he would have to be operated on. He then made the necessary arrangements and a successful operation was performed May 13, 1947. The petitioner remained out of work until July 14, 1947 when he was re-employed by the respondent, and at the time of the hearing was doing his usual work.

The petitioner is seeking to recover his medical expenses in connection with the above operation and compensation for total disability from May 9 to July 14, 1947. The respondent's defense is based primarily on its claim that the petitioner, having failed to take action of any kind either by agreement or petition to recover compensation within two years after June or July 1942, when he suffered

his injury by accident, as respondent alleges, is now barred from such recovery by reason of the statute of limitations under the act. G. L. 1938, chap. 300, art. III, §17. The trial justice accepted the respondent's view of the facts and law as applied to the present petition, which was filed May 29, 1947, and denied and dismissed it on the ground that it was brought too late and was barred by the provisions of such statute.

Only a brief additional statement of the facts and respective contentions of the parties appears necessary. The petitioner argues that no accident happened in June or July 1942 when his hernia developed but that such hernia was occupational in character, and that the respondent is not in a position to rely on the above-mentioned statute of limitations, since a hernia of that nature is governed and, under certain conditions, made compensable by G. L. 1938, chap. 300, art. VIII, §§2, 4. The respondent, however, maintains that the evidence shows that the happening in June or July 1942, when the petitioner was injured, was an accident within the meaning of that term as used in the act.

The trial justice in the decree entered by him made a finding of fact that the above happening was an accident within the proper construction of that term. The petitioner urges that there was no legal evidence to support such a finding. Upon consideration we are of the opinion that there was such evidence. While it is true that the petitioner in his testimony was vague and indefinite regarding the details of how he received his injury and said frequently that he was unable to remember how it occurred, nevertheless in a statement signed by him and given to the respondent's insurance carrier on February 15, 1947 the following language appears: "In June of 1942 I was lifting a batch of cloth on to a jig. This batch would weigh 400 - 500 lbs. A Mr. Coya was assisting me. He is no longer employed and I do not know where he resides. Man on other end let go and I tried to hold it at chest height. I suddenly grabbed

the batch and I felt a sudden strain and sting in left groin."

This statement, which was an exhibit in the case, clearly furnishes some legal evidence which, if believed, supports the finding that the petitioner received his hernia by accident and that it was not of an occupational character. That being the case, such finding under the act, G. L. 1938, chap. 300, art. III, §6, and our decisions, is conclusive in the absence of fraud.

However, in view of our recent opinion in *Rosa* v. *Fuller Co.*, 74 R. I. 215, the above finding in our judgment has no material bearing herein. In that case it was held in substance, in construing the meaning of §17, art. III, the statute of limitations applicable in the instant case, that the statute began to run from the time when the injury suffered by the employee became compensable and not from the time of the accident. In that opinion we used the following language: "Abundant and respectable authority, therefore, treats the word 'injury' in a statute of limitation on claims for compensation similar to our §17 as referring to the time when the injury becomes compensable and not to the time of the accident. That view, in our opinion, is also based upon sound reason."

Under the evidence herein it is not disputed that the petitioner continued at his regular employment up to May 9, 1947, notwithstanding the injury that he suffered in June or July 1942. The instant petition, filed May 29, 1947, complied with the provisions of §17, in view of our construction of that section, since time did not begin to run thereunder until May 9, 1947 when the petitioner's injury became compensable for the first time. It follows that the respondent did not succeed in establishing its defense based on an alleged filing of the petition beyond the time allowed by §17, *supra*. It is clear that the present case is governed by our decision in the *Rosa* case and that the decree entered by the superior court cannot be upheld. In our opinion the petitioner is entitled to recover compensation based on total disability for the period from

May 9 to July 14, 1947, and such medical expenses in connection with his operation of May 13, 1947 as the respondent is called upon to pay under the pertinent provisions of the compensation act.

The petitioner's appeal is sustained, the decree appealed from is reversed, and the cause is remanded to the superior court for the entry of a decree in accordance with this opinion, and for further proceedings.

*Louis B. Cappuccio*, for petitioner.

*Boss & Conlan, Francis W. Conlan*, for respondent.